```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
TERRA ENERGY & RESOURCE                    :
TECHNOLOGIES, INC. and TERRA INSIGHT
SERVICES, INC.,                            :
                 Plaintiffs,
                                           :   MEMORANDUM and ORDER
         -against-
                                           :   12 Civ. 1337 (KNF)
TERRALINNA PTY. LTD.,
                                           :
                 Defendant.
------------------------------------------------------------ X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      In this action for breach of fiduciary duties, tortious interference with a contract and breach of contract, defendant Terralinna Pty. Ltd. ("Terralinna") has made a "motion in limine to exclude, as inadmissible hearsay, documents prepared by third parties." According to Terralinna, the "Plaintiffs' trial exhibit list includes documents prepared by third parties, such as the license issued by MRT [Mineral Resources Tasmania] to TTR [Terra Tasmania Resources Pty. Ltd.] in 2011." Terralinna maintains that "the contents of documents are inadmissible as hearsay, unless one of the exceptions set forth in Fed. R. Evid. 803 apply [sic]." Terralinna anticipates that the plaintiffs will "seek admission of the documents created by third parties . . . pursuant to Fed. R. Evid. 803(6), which provides an exception for business records." However, according to Terralinna, "[i]n order to satisfy the requirements of Fed. R. Evid. 803(6) . . . the offering party must offer testimony from the custodian of the document or other qualified witness showing that, inter alia, the record was kept in the course of a regularly conducted business activity, and that the record was made at or near the time of that business activity." Terralinna maintains that "Plaintiffs have disclosed no witnesses competent to lay the foundation necessary to admit the license and other documents produced by third parties."

The plaintiffs oppose the motion. They contend that Terralinna's motion "is baseless because it seeks to bar admission of documents Defendant has not bothered to identify with any specificity . . . [a]nd, the only identified document Defendant seeks to exclude is a . . . business record received and maintained by Phillip Simpson [("Simpson")], and relates to a fact that Defendant has already admitted." The plaintiffs maintain that Simpson, Terralinna's "owner and controlling officer, . . . acknowledged that he received the document from MRT as part of his function as Managing Director of TTR." Therefore, according to the plaintiffs, "Simpson is a custodian of the document" and his custodian status provides the Court with "one reason to deny the motion in limine." Furthermore, the plaintiffs contend that, under New York law, the "Defendant's production of government communications and records that Simpson received and maintained as part of his corporate duties and responsibilities or information Defendant provided in discovery, can qualify as an admission against interest, which is an exception to the hearsay rule."

In reply, Terralinna asserts that, although Simpson may be able to testify that he received the document, he cannot "opine on the truth of the matter stated therein." Terralinna offered to identify to the Court the other documents from third parties that are covered by its "motion in limine."

The trial of this action will be to the Court without a jury. One court has observed that, in such a circumstance, "it is virtually impossible for a trial judge to commit reversible error by receiving incompetent evidence, whether objected to or not." Builders Steel Co. v. Comm'r of Internal Revenue, 179 F.2d 377, 379 (8th Cir. 1950). This is so because "[o]ne who is capable of ruling accurately upon the admissibility of evidence is equally capable of sifting it accurately after it has been received, and, since he will base his findings upon the evidence which he

regards as competent, material, and convincing, he cannot be injured by the presence in the record of [evidence] which he does not consider competent or material." Id. See also Reid v. Quebec Paper Sales & Transp. Co., 340 F.2d 34, 38 (2d Cir. 1965) (noting the Second Circuit's presumption that in the circumstance of a nonjury trial, the judge relies only on properly admitted evidence in rendering his determination). Inasmuch as: (1) the universe of third-party documents that are the subject of the instant motion was not identified to the Court; and (2) the parties have taken such stark positions on the admissibility of the lone document identified, i.e., the MRT license, the Court finds that it would not be prudent, at this juncture, to place restrictions on the evidence the parties may attempt to present to it at the trial. It is preferable for the Court to allow the trial to unfold, receive evidence as it deems appropriate and, once the record is closed, sift through the evidence and consider only so much of it as was properly admitted in rendering its determination.

## CONCLUSION

For the reasons set forth above, Terralinna's "motion in limine to exclude, as inadmissible hearsay, documents prepared by third parties," Docket Entry No. 65, is denied.

Dated: New York, New York
October 31, 2013

SO ORDERED:

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE