UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
TERRA ENERGY & RESOURCES :
TECHNOLOGIES, INC. and TERRA INSIGHT
SERVICES, INC., :
    Plaintiffs,
        :  **MEMORANDUM and ORDER**
  -against-
        :   12 Civ. 1337 (KNF)
TERRALINNA PTY. LTD.,
        :
    Defendant.
------------------------------------------------------------- X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## INTRODUCTION

Before the Court is defendant Terralinna Pty. Ltd.'s ("Terralinna") motion, made pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure, for an order awarding it the attorneys' fees and costs incurred defending against Count Three of the Second Amended Complaint of the plaintiffs Terra Energy and Resources Technologies, Inc. and Terra Insight Services, Inc. The plaintiffs oppose the motion.

## BACKGROUND

In this action, the plaintiffs asserted causes of action for breach of fiduciary duties, tortious interference with a contract and breach of contract. The parties engaged in pretrial discovery activities. After the time for completing pretrial discovery activities elapsed, the plaintiffs filed a motion to compel disclosure, pursuant to Rule 37 of the Federal Rules of Civil Procedure. The motion to compel was denied. Thereafter, in accordance with Rule 41(a)(2) of the Federal Rules of Civil Procedure, the plaintiffs moved for an order dismissing, without prejudice, Count Three of the Second Amended Complaint, the breach of contract cause of

action asserted against Terralinna by plaintiff Terra Energy and Resources Technologies, Inc.

("TERT").  Through Count Three of the Second Amended Complaint, TERT accused Terralinna

of breaching a "Mutual Non-Disclosure & Non-Circumvent Agreement" ("NDNCA"), which is

Exhibit B to the Second Amended Complaint, by disclosing confidential information the

plaintiffs provided to Terralinna.  The plaintiffs' motion to dismiss Count Three of the Second

Amended Complaint was not opposed by Terralinna, but it reserved the right to attempt to

recover the attorneys' fees and costs it incurred defending against Count Three.  The Court

granted the plaintiffs' motion to dismiss Count Three, and the action proceeded to trial before

the Court without a jury on the two remaining causes of action in the Second Amended

Complaint: breach of fiduciary duties and tortious interference with a contract.

After the plaintiffs had been fully heard on the two matters that had been tried to the

Court, Terralinna made an oral motion, for a judgment on partial findings, pursuant to Rule 52(c)

of the Federal Rules of Civil Procedure.  The Court entertained argument from the parties on the

motion and granted the motion, and judgment was entered in favor of Terralinna.  The instant

motion followed, and is predicated on a provision of the NDNCA.

The NDNCA, which was the subject of Count Three of the Second Amended Complaint,

contains a fee-shifting provision, allowing the prevailing party in any litigation concerning the

performance, enforcement or interpretation of the NDNCA to recover its "reasonable attorneys'

fees, costs and other expenses."  The relevant contractual provision is reproduced below:

> Attorneys' Fees; Prejudgment Interest. If the services of an attorney are
> required by any party to secure the performance of this Agreement or otherwise
> upon the breach or default of another party to this Agreement, or if any judicial
> remedy or arbitration was necessary to enforce or interpret any provision of this
> Agreement or the rights and duties of any person in relation thereto, the
> prevailing party shall be entitled to reasonable attorneys' fees, costs and other
> expenses, in addition to any other relief to which such party may be entitled.  Any

> award of damages, following judicial remedy or arbitration as a result of the breach of this Agreement or any of its provisions, shall include an award of prejudgment interest from the date of the breach at the maximum amount of interest allowed by law.

Exhibit B to the Second Amended Complaint, ¶ 8.  By its express terms, the NDNCA is "governed by the law of New York, excluding its conflict of law rules."  Exhibit B to the Second Amended Complaint, ¶ 9.

Terralinna maintains that it "is the prevailing party in this instance [and entitled to recover its attorneys' fees and costs,] due to voluntary dismissal of Count Three of the Second Amended Complaint after Plaintiffs determined that they had no document supporting Plaintiffs' claim.  Moreover, after hearing all evidence regarding the Plaintiffs remaining counts, this Court determined that Plaintiffs were also unable to support any of the remaining two (2) counts in the Second Amended Complaint.  Therefore, Terralinna should be considered the prevailing party." As the prevailing party, "Terralinna seeks an award of attorneys' fees [pursuant to Fed. R. Civ. P. 54(d)(2)] in the approximate amount of $68,759.26, which represents one-third of the attorneys' fees and non-taxable costs incurred by Terralinna in defending the claims of Plaintiffs up to the date of the dismissal of Count Three of the Second Amended Complaint."  In estimating the amount of attorneys' fees it incurred defending against Count Three of the plaintiffs' Second Amended Complaint, Terralinna explains that, "[d]ue to the interrelatedness of the claims, it was not possible to separate out actions taken in defense of the NDNCA claim by Plaintiffs.  As such, the fees request represents one-third of the fees and costs charged through the dismissal of the NDNCA claim on November 1, 2013."  Terralinna contends that its request for attorneys' fees is reasonable, "[c]onsidering the time and skill level required in trying a case involving multinational corporate disputes, the novelty of considering Australian Law, the time

limitations and differences between the jurisdiction of the Court and the Australian legal system, and that [the fees its counsel charged] are common in this jurisdiction."

Terralinna was represented by two law firms in this action, Stovash, Case & Tingley, P.A. ("SCT"), located in Orlando, Florida, and Nagle Rice LLP ("Nagle Rice "), located in Roseland, New Jersey.  Robert L. Case ("Case"), one of the attorneys who represented Terralinna, submitted an affidavit in support of the defendant's motion for attorneys' fees and costs.  Case reports that, of the $68,759.26 Terralinna seeks through this motion, $58,776.52 are attributable to the legal services provided to the defendant by SCT.  Attached to Case's affidavit is Exhibit I, redacted SCT time records germane to the work performed by its personnel defending Terralinna in this action.

Jay J. Rice, Esq. ("Rice"), the managing partner of Nagle Rice, which served as co-counsel with SCT in this action, submitted a declaration in support of the instant motion. According to Rice, Terralinna incurred $9,982.74, in fees and costs for the legal services Nagle Rice rendered to it, "in regard to Count III [sic] of the Second Amended Complaint."  Attached to Rice's declaration is "Exhibit '1' . . . a record of [Nagle Rice's] Invoices, [sic] which includes time records for services rendered by [Nagle Rice] through the date of the dismissal of Count III [sic] of the Second Amended Complaint regarding the NDNCA claim, as well as the costs incurred by Terralinna."

In opposition to the motion, the plaintiffs filed, inter alia, a memorandum of law.  They maintain that Terralinna should not be awarded the attorneys' fees and costs it seeks because it is not the prevailing party with respect to Count Three of the Second Amended Complaint.  The plaintiffs contend that this is so because they moved to dismiss Count Three, without prejudice, after: 1) the district judge to whom the case was previously assigned "denied their motion to

-4-

compel, finding that he would not compel production of documents that Defendant represented do not exist"; and 2) the plaintiffs were unable to obtain, via a subpoena, Skype[1] records of "Defendant's officer and owner, Philip Simpson" and those of his wife.  The plaintiffs assert that they "had good reason to believe that" the records they sought via the motion to compel and the subpoena would have "provide[d] evidence or [led] to documents that related to the allegations of Count Three of the Second Amended Complaint, the breach of the NDNCA."  Moreover, the plaintiffs maintain that Terralinna has not shown that Count Three was either groundless or frivolous.  Therefore, the plaintiffs contend that Terralinna is not the prevailing party with respect to Count Three of the Second Amended Complaint, notwithstanding its success defending against Counts One and Two of that pleading at the bench trial of this action.

The plaintiffs also urge the Court to deny Terralinna's motion because its counsel failed to "keep records separating hours [expended on] the separate Counts of the Second Amended Complaint."  The plaintiffs contend that Terralinna should have anticipated making the instant motion because of "the potential for partial or total shifting of attorney fees as to Count Three," and that Terralinna's counsel was, therefore, obligated to "keep accurate contemporaneous time records . . . to prove the reasonable hours spent defending the claim."  In addition, the plaintiffs assert that Terralinna's request for fees and costs is not reasonable because it chose to retain counsel "located in Florida instead of counsel admitted in this District," and incurred "fees and costs for local counsel . . . which would have been avoided by retaining a New York admitted attorney."

The plaintiffs contend that awarding Terralinna attorneys' fees and costs under the

---

[1]Skype is an internet communications company.

NDNCA is not warranted because Terralinna failed to seek such relief through either its answer or the affirmative defenses it asserted.  This failure, according to the plaintiffs, is fatal because the Advisory Committee Notes to the 1993 amendments to Fed. R. Civ. P. 54(d)(2) explain that the Rule is inapplicable to fees recoverable as an element of damages, as when sought pursuant to a contract, and in that circumstance, "such damages typically are to be claimed in a pleading." Advisory Committee Notes to the 1993 amendments to Fed. R. Civ. P. 54(d)(2).

In reply to the plaintiffs' various contentions in opposing its motion, Terralinna asserts that the plaintiffs fail to understand that the reasonableness of attorneys' fees "is not determined" by the location from which counsel hail, but by ascertaining the "Lodestar [,multiplying] the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." Terralinna contends that, by that measure, the fees charged by its counsel were reasonable and in sync with those billed in this judicial district by counsel engaged in litigation of this ilk.

In addition, Terralinna contends that its failure "specifically [to] plead entitlement" to attorneys' fees in its answer to the Second Amended Complaint is of no import because: 1) "[p]laintiffs knew that attorneys' fees were at issue" in this action, since the plaintiffs "sought an award of attorneys' fees" through their own pleading; and 2) "Plaintiffs do not argue that they will be prejudiced by the award of attorneys' fees in light of" Terralinna's failure to plead its entitlement to the fees in its answer to the Second Amended Complaint.  Moreover, according to Terralinna, this judicial district has previously recognized "that attorneys' fees can be properly awarded to a party even though the party did not plead entitlement."

## DISCUSSION

Responsibility for Attorney's Fees

In New York and in Federal practice, the general rule is that each party to a litigation is

responsible for its own attorney's fees.  However, parties to a litigation are free to enter into an agreement shifting one party's responsibility for paying attorney's fees onto the adversary party. See Hooper Assocs. Ltd. v. AGS Computers, Inc., 74 N.Y.2d 487, 491, 549 N.Y.S.2d 365, 366 (1989); McGuire v. Russell Miller, Inc., 1F.3d 1306, 1312-13 (2d Cir. 1993).  Here, by virtue of a contractual provision, the parties have determined to avoid the general rule respecting a litigant's responsibility to bear its own attorney's fees.  As noted above, the NDNCA allows the prevailing party in any litigation concerning the performance, enforcement or interpretation of that contract, to recover its reasonable attorneys' fees, costs and other expenses.

Prevailing Party

The NDNCA does not define the term "prevailing party."  "Whether a litigant is a prevailing party within the meaning of Rule 54(d) constitutes a question of law."  Dattner v. Conagra Foods, Inc., 458 F.3d 98, 100 (2d Cir. 2006).  Under New York law, determining a prevailing party's status, as such, where a contractual fee-shifting provision is at issue, requires, in the first instance, an analysis "of the true scope of the dispute litigated [and then] a comparison of what was achieved within that scope."  Chainani v. Lucchino, 94 A.D.3d 1492, 1494, 942 N.Y.S.2d 735, 736 (App. Div. 4th Dep't 2012) (internal quotation marks and citations omitted).  The party who prevails "with respect to the central relief sought" is the prevailing party.  Nestor v. McDowell, 81 N.Y.2d 410, 416, 599 N.Y.S.2d 507, 510 (1993).

The scope of the dispute litigated under Count Three of the Second Amended Complaint was Terralinna's alleged breach of the terms of the NDNCA, by disclosing confidential information the plaintiffs provided to it and the amount of damages TERT suffered as a

consequence of the alleged breach.  The plaintiffs did not achieve any objective within the scope

of the breach of contract cause of action recited at Count Three of the Second Amended

Complaint because they dismissed Count Three, without prejudice, voluntarily, through a Fed.

R. Civ. P. 41(a)(2) motion, prior to the commencement of the trial of this action.  Thus, the

plaintiffs did "not prevail with respect to the central relief sought [respecting Count Three of the

Second Amended Complaint], that is," the recovery of damages from Terralinna for breaching

the NDNCA.  Nestor, 81 N.Y.2d at 416, 599 N.Y.S.2d at 510.  Therefore, the Court finds that,

with respect to Count Three of the Second Amended Complaint, Terralinna is the prevailing

party.  The Court also finds that the plaintiffs' voluntary dismissal of Count Three of the Second

Amended Complaint, without prejudice, does not bar Terralinna from applying for an award of

attorneys' fees and costs, because "[f]ee awards are often made when a plaintiff dismisses a suit

*without prejudice* under Rule 41(a)(2) [of the Federal Rules of Civil Procedure]."  (Emphasis in

original).  Colombrito v. Kelly, 764 F.2d 122, 133 (2d Cir. 1985).

Fed. R. Civ. P. 54(d) Attorneys' Fees

Rule 54(d)(2) provides, in pertinent part, the following:

> (A) A claim for attorney's fees and related nontaxable expenses must be
> made by motion unless the substantive law requires those fees to be proved at
> trial as an element of damages. (B) Unless a statute or a court order provides
> otherwise, the motion must: (i) be filed no later than 14 days after the entry of
> judgment; (ii) specify the judgment and the statute, rule, or other grounds
> entitling the movant to the award; (iii) state the amount sought or provide a fair
> estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement
> about fees for the services for which the claim is made.

Whether to award attorney's fees and costs under Rule 54(d) is within the Court's

discretion.  See ARP Films, Inc. v. Marvel Enm't Grp., Inc., 952 F.2d 643, 651 (2d Cir. 1991).

Terralinna claims entitlement to its attorneys' fees and costs, pursuant to paragraph eight of the NDNCA, and moved post-judgment, pursuant to Fed. R. Civ. P. 54(d)(2), for those attorneys' fees and costs.  "Rule 54 governs a case where attorneys' fees are ancillary relief for which a party must make a motion to the court in order to recover.  Paragraph (2) of Rule 54(d) does not . . . apply to fees recoverable as an element of damages, as when sought under the terms of a contract."  Hanley v. Herrill Bowling Corp., 94 Civ. 4611, 1996 WL 79324, at *2 (S.D.N.Y. Feb. 23, 1996) (internal quotation marks and citation omitted).  Thus, where a movant's "recovery of attorney's fees and costs would be contractual," Fed. R. Civ. P. 54(d)(2) is inapplicable. Cumberland Farms, Inc. v. Lexico Enterprises, Inc., No. 10 Civ. 4658, 2012 WL 526716, at *10 (E.D.N.Y. Feb. 16, 2012).  Furthermore, the Second Circuit Court of Appeals has indicated that a court acts properly in exercising its discretion when it denies a Rule 54(d) motion for attorney's fees and costs where the "only ground for the recovery of [same is] contractual." Town of Poughkeepie v. Espie, 221 Fed. Appx. 61, 62 (2d Cir. 2007).  Terralinna's Rule 54(d)(2) motion for an order awarding it the attorneys' fees and costs it incurred defending against Count Three of the Second Amended Complaint is based solely upon the provision of a contract, paragraph eight of the NDNCA.  Fed R. Civ. P. 54(d)(2) does not apply where a movant's recovery of attorneys' fees and costs is sought based on the terms of a contract.  See Cumberland Farms, 2012 WL 526716, at *10.  Therefore, Terralinna's reliance on Fed. R. Civ. P. 54(d)(2) to recover its attorneys' fees and costs, based on the terms of paragraph eight of the NDNCA, is misplaced.  Accordingly, the Court is unable to grant Terralinna the relief it seeks through the instant motion.

**CONCLUSION**

For the reasons set forth above, Terralinna's motion for attorneys' fees and costs, Docket

Entry No. 96, is denied.

Dated: New York, New York                          SO ORDERED:
       April 7, 2014

                                                   /Kevin Nathaniel Fox
                                                   KEVIN NATHANIEL FOX
                                                   UNITED STATES MAGISTRATE JUDGE

-10-