USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/30/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
:
TERRA ENERGY & RESOURCE
TECHNOLOGIES, INC., *et ano.*,      :     12 Civ. 1337 (WHP)
:
    Plaintiffs,     :     MEMORANDUM & ORDER
:
  -against-                   :
:
TERRALINNA PTY. LTD.,               :
:
    Defendant.      :
------------------------------------X

WILLIAM H. PAULEY III, District Judge:

  On September 13, 2013, Plaintiffs Terra Energy & Resource Technologies, Inc. and Terra Insight Services, Inc. (together, "Terra") filed a motion to compel Defendant Terralinna Pty. Ltd. to produce certain documents. This Court denied that motion on October 23, 2013 (ECF No. 82). Terralinna now moves under Federal Rule of Civil Procedure 37 for its attorneys' fees and costs incurred in connection with opposing that motion. For the following reasons, Terralinna's motion is granted.

## BACKGROUND

  The discovery cutoff in this action was May 31, 2013. Three months later, Terra raised a discovery issue at the final pretrial conference on August 23, 2013. Terra accused Terralinna of withholding invoices and other documents exchanged between Phillip and Paula Simpson, owners and executives of Terralinna, and Transworld Management Ltd., a consulting firm. The basis for Terra's belief that documents were withheld was the following colloquy at Phillip Simpson's deposition:

> Q: You did get another invoice from him, didn't you?
> A: I got several invoices from him, but they were internal Terralina matters.
> Q: Did they include for services related to [Terra Tasmania Resources PTY Ltd. ("TTR")]?
> A: I don't recall.
> Q: Did they include for services related to Terra Energy?
> A: Subsequent invoices you're referring to now?
> Q: After October 5?
> A: So, subsequent invoices. I can't recall. I don't have those in front of me.
> Q: But they do exist?
> A: Yes, but they're internal documents.
>    …
>
> Q: Did Trans World provide invoices, at all, to TTR?
> A: Not until they were formally engaged in any capacity.
> Q: After they were formally engaged, did he provide invoices to TTR?
> A: Yes.

Dep. of Phillip Simpson at 367-68.

This Court denied Terra's motion to compel the production of documents because the motion sought documents in broader categories than had been identified in earlier Rule 34 requests. As far as the motion sought to compel compliance with requests made during discovery, this Court found Terra presented no reason to believe Terralinna had not fully complied with the requests.

## DISCUSSION

I. <u>Whether the Motion to Compel Was Substantially Justified</u>

Federal Rule of Civil Procedure 37(a)(5)(B) provides that if a motion to compel discovery is denied, the court

> must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Terra argues its motion did not seek to compel production of any documents it had not already requested and that the categories of documents demanded in the motion were just restatements of earlier document requests. But Terra's motion sought production of <u>all</u> communications from Terralinna, Phillip Simpson, or Paula Simpson to Transworld or any of its employees from 2011-13. During discovery, Terra only requested those communications that related to Plaintiffs, TTR, or "the Territory" – a defined term in Terra's document requests. Similarly, Terra's motion sought <u>all</u> reports sent from Transworld to Terralinna, Phillip Simpson, or Paula Simpson from 2011-13. But Terra's requests during discovery sought only communications related to Plaintiffs, TTR, or "the Territory." Because Terra's motion sought to compel production of categories of documents broader than what had been requested during discovery, the motion was not substantially justified.

With respect to the branch of the motion seeking to compel production of documents Terra had previously requested, Terra had no basis to believe Terralinna had not complied with the requests. At his deposition, Phillip Simpson's testimony was equivocal on whether there were any Transworld invoices from after October 5, 2011. He testified "I can't recall. I don't have those in front of me." Simpson Dep. at 367. He was then asked if those invoices existed and stated "Yes, but they're internal documents." Simpson Dep. at 367. After his deposition, Simpson searched for responsive documents and found none. Terralinna's counsel advised Terra's counsel of this and stated they would disclose any additional documents if they were discovered. Def.'s Opp. to Mot. to Compel, Ex. B (ECF No. 54). Simpson clarified his deposition testimony in an affidavit submitted in opposition to the motion. Simpson's affidavit stated that he had made a diligent search and that with the exception of documents listed

on Terralinna's privilege log, all responsive documents had been produced. Opp. to Mot. to Compel, Ex. A. In particular, he stated that although he could not recall at his deposition whether there were any Transworld invoices for services provided to TTR after October 5, 2011, he had searched Terralinna's records and determined there were none. Given Simpson's equivocal deposition testimony and subsequent search for documents, Terra had no reason to believe Terralinna was wrongly withholding documents.

Moreover, the tenor of Terra's briefs and the arguments advanced in support of its motion contribute to the finding that the motion was not substantially justified. Terra argued that the fact Terralinna filed two motions to dismiss showed "Mr. Simpson's predilection for baseless withholding of documents and dilatory behavior." Pls.' Mot. to Compel at 5 (ECF No. 53). There is nothing improper about filing a motion to dismiss, and in fact this Court granted Terralinna's first motion in part, dismissing several of Terra's claims. See Aug. 10, 2012 Tr. at 29-36 (ECF No. 23).

Terra also repeatedly mischaracterized Terralinna's arguments. Terralinna's position was consistent—Phillip Simpson could not recall whether certain documents existed at his deposition. After searching for them, he could not find any responsive documents that had not been produced. But Terra repeatedly claimed Terralinna "admits" it was withholding documents "under a baseless claim that the withheld documents are 'internal Terralinna matters.'" Mot. to Compel at 2. Terra also claimed "Defendant seeks to defeat the Motion by contending that it does not need to make any of the production sought in the Motion to compel"

—which Terralinna never argued.[1] Pl.'s Mot. to Compel Reply at 1 (ECF No. 59). Terra's counsel cited his own emails to Terralinna's counsel claiming that documents were being improperly withheld as evidence that "Defendant maintained its contention that it was not required to produce Transworld and Cummins documents"—something Terralinna never claimed in the cited correspondence. Mot. to Compel Reply at 3. Terra accused Simpson of lying in the declaration stating he had produced all responsive documents and cited it as evidence he "is clearly willfully withholding them from Plaintiffs." Mot. to Compel Reply at 1. This accusation was unfounded.

In its reply brief, Terra announced its intention to request discovery sanctions against Terralinna as a result of its "dilatory pattern of behavior in discovery" and "unjustified willful refusal to produce documents." Mot. to Compel Reply at 8. Terra sought to bar the testimony of any Transworld employee, an adverse inference that improperly withheld documents would show Terralinna signed a contract in 2011 with TTR, and an adverse inference that wrongfully withheld Skype communications would show Terralinna breached the contract at issue in the case. Terra essentially asked for inferences that Terralinna withheld documents that would prove much of Terra's case. Terra also requested that Defendants be held in contempt and required to post a bond.

As this Court noted in its order denying the motion to compel, "[t]his minor discovery dispute should have been resolved among the parties without resort to this Court. The needless escalation of hostilities between the parties serves no constructive purpose." Oct. 23,

---

[1] Terra may have interpreted the fact that Terralinna made a number of general and specific objections to Terra's document requests, see Ex. 1 to Pls.' Mot. to Compel, as an argument that Terralinna was not required to respond to the requests. However, as Terralinna explained in its opposition to the motion to compel, "[d]espite the objections, Terralinna produced all documents presumptively responsive to [Terra's] Requests." Def.'s Opp. Br. at 4.

2013 Order at 2 (ECF No. 82). Terra's motion not being substantially justified and the parties having shown no reason why an award would be unjust, Terralinna is entitled to the costs and fees it incurred in opposing the motion

## II. Calculation of Fees and Costs

The product of a reasonable hourly rate and a reasonable number of hours creates a "presumptively reasonable fee." Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008)). This calculation, often referred to as the "lodestar," may be adjusted when it "does not adequately take into account a factor that may properly be considered in determining a reasonable fee." Millea, 658 F.3d at 167 (quoting Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 554 (2010)). "However, such adjustments are appropriate only in 'rare circumstances,' because the 'lodestar figure [already] includes most, if not all, of the relevant factors constituting a reasonable attorney's fee.'" Millea, 658 F.3d at 167 (alteration in original) (quoting Perdue, 559 U.S. at 553).

Terralinna's counsel, Robert L. Case, Esq. of Stovash, Cash & Tingley, P.A. in Orlando, Florida, submitted an affidavit showing he billed $5,737.50 for 15.70 hours of work in opposing Terra's motion.[2] Def.'s Mot. for Award of Attorneys' Fees & Costs, Ex. A1 (ECF No. 96). Case billed at a rate of $375 per hour and wrote off 0.4 hours of work at no charge to his client. He spent a reasonable amount of time in opposing the motion. In particular, though sur-replies are generally disfavored, Case was justified in seeking permission to file one and in the time he spent drafting it. Terra's reply raised several new allegations and requested relief to

---

[2] There is a 0.1 hour discrepancy between the sum of the individual time entries and the calculated total listed in the affidavit. The de minimis discrepancy is inconsequential in finding that $5,737.50 is a reasonable fee.

which Terralinna was entitled to respond. Case's rate is in line with those approved by other courts in this district. See, e.g., E.F. v. N.Y.C. Dep't of Educ., No. 11 Civ. 5243 (GBD) (FM), 2014 WL 1092847, at *3-4 (S.D.N.Y. Mar. 17, 2014) (reducing requested $600 hourly rate to $475); In re One Infant Child, No. 12 Civ. 7797 (PKC), 2014 WL 704037, at *3-4 (S.D.N.Y. Feb. 20, 2014) (reducing requested $600 hourly rate to $425). And Terra has not challenged the reasonableness of either the hours expended or the hourly rate, which this Court may consider in determining a reasonable fee. See Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Engineers v. Eastport Excavation & Utilities Inc., No. 11 Civ. 4112 (GWG), 2014 WL 998426, at *12 (S.D.N.Y. Mar. 17, 2014). This Court finds that $5,737.50 is a reasonable fee for Case's work in opposing the motion to compel.

Finally, this Court notes that Terralinna moved before Magistrate Judge Kevin N. Fox to recover fees and costs incurred in defending against Count Three of Terra's Second Amended Complaint. ECF No. 97. In reviewing that motion on ECF, this Court discovered that the fees sought in the two motions overlap: every time entry Terralinna seeks reimbursement for in this Rule 37 motion is also included in the post-trial motion before Magistrate Judge Fox. Terralinna never brought that fact to this Court's attention. If both motions had been granted, Terralinna would have received a windfall from the double counting of the fees sought here. By memorandum and order dated April 7, 2014, Magistrate Judge Fox denied Terralinna's post-trial motion relating to Count Three. ECF No. 109. Terralinna has moved for reconsideration. ECF No. 110. Accordingly, Terralinna is directed to inform Magistrate Judge Fox of the effect of this Court's decision on Terralinna's motion for reconsideration and to adjust the attorneys' fees it seeks in that motion.

## CONCLUSION

For the foregoing reasons, Terralinna's Rule 37 motion for attorneys' fees in connection with its opposition to Terra's motion to compel is granted. Plaintiffs and their counsel are jointly and severally liable for Terralinna's reasonable fees in the amount of $5,737.50. The Clerk of Court is directed to terminate the motion pending at ECF No. 96.

Dated: April 30, 2014
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

Dan Brecher, Esq.
Scarinci & Hollenbeck, LLC
99 Park Ave., 16th Floor
New York, NY 10016
*Counsel for Plaintiffs*

Robert L. Case, Esq.
Tara S. Pellegrino, Esq.
Stovash, Case & Tingley, P.A.
220 North Rosalind Avenue
The Vue at Lake Eola
Orlando, Fl 32801

Jay Rice, Esq.
Nagel Rice, L.L.P.
103 Eisenhower Parkway. Suite 101
Roseland, NJ 07068
*Counsel for Defendant*