UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
TERRA ENERGY & RESOURCES
TECHNOLOGIES, INC. and TERRA INSIGHT    :
SERVICES, INC.,
                                                                            :
           Plaintiffs,
                                                                            :       **MEMORANDUM and ORDER**
    -against-
                                                                            :       12-CV-1337 (KNF)
TERRALINNA PTY. LTD.,
                                                                            :
           Defendant.
------------------------------------------------------------------ X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## INTRODUCTION

Before the Court is defendant Terralinna Pty. Ltd.'s ("Terralinna") motion, pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure and Local Rule 6.3 of this court, for the Court "to reconsider its Memorandum and Order Denying an Award of Attorney's Fees and Costs as to Count Three of the [plaintiffs'] Second Amended Complaint." The plaintiffs oppose the motion and, concomitantly, urge the Court to defer resolving it, until after the Second Circuit Court of Appeals addresses "the merits of the Plaintiffs' pending appeal."

## BACKGROUND

Causes of action for breach of fiduciary duties, tortious interference with a contract and breach of contract were asserted by the plaintiffs in this action. After the time for completing pretrial discovery activities elapsed, the plaintiffs filed a motion to compel disclosure, pursuant to Rule 37 of the Federal Rules of Civil Procedure. The motion to compel was denied by the Hon. William H. Pauley III, to whom the case was assigned at that time. Subsequently, the plaintiffs moved, in accordance with Rule 41(a)(2) of the Federal Rules of Civil Procedure for an

order dismissing, without prejudice, Count Three of their Second Amended Complaint. Through Count Three, plaintiff Terra Energy & Resources Technologies, Inc. ("TERT") accused Terralinna of breaching a "Mutual Non-Disclosure and Non-Circumvent Agreement" ("NDNCA"), by disclosing to third-parties confidential information the plaintiffs provided to Terralinna. Terralinna did not oppose the plaintiffs' motion to dismiss Count Three of the Second Amended Complaint; however, it reserved the right to attempt to recover the attorneys' fees and costs it incurred in defending against Count Three. The plaintiffs' motion to dismiss Count Three of the Second Amended Complaint was granted, and the action proceeded to trial, before the undersigned magistrate judge, on the two remaining causes of action in the Second Amended Complaint: breach of fiduciary duties and tortious interference with a contract.

At the trial, Terralinna made an oral motion for a judgment on partial findings, pursuant to Rule 52(c) of the Federal Rules of Civil Procedure, after the plaintiffs had been heard fully on the two matters tried to the Court. Arguments from the parties on the motion were entertained by the Court and the motion was granted. Thereafter, judgment was entered in favor of Terralinna. In the time provided by Rule 54(d)(2)(B), Terralinna made a motion to recover the attorneys' fees and related nontaxable expenses it incurred defending against Count Three of the Second Amended Complaint. The motion was premised on a term of the NDNCA containing a fee-shifting provision allowing the prevailing party in any litigation concerning performance, enforcement or interpretation of the NDNCA to recover its "reasonable attorney's fees, costs and other expenses." The plaintiffs opposed that motion contending, in part, that Terralinna was not the prevailing party with respect to Count Three of the Second Amended Complaint.

The Court found that Terralinna was the prevailing party, but denied Terralinna's Fed. R. Civ. P. 54(d)(2) motion. The Court explained, through a Memorandum and Order dated April 7,

2014, that Terralinna's Rule 54(d)(2) motion to recover attorneys' fees, costs and other expenses was based solely upon the provision of a contract, namely, paragraph eight of the NDNCA. As a consequence, the Court determined that Terralinna's reliance upon Fed. R. Civ. P. 54(d)(2), was misplaced, because Rule 54(d)(2) does not apply to attorneys' fees recoverable as an element of damages, as when sought under the terms of a contract.

   Terralinna contends that the Court erred in denying its Fed. R. Civ. P. 54(d)(2) motion because the Court concluded, mistakenly, that the prevailing party fee-shifting provision at issue made the attorneys' fees Terralinna sought an element of damages to be proved at trial. According to Terralinna, "[w]hile a claim for attorney's [sic] fees and costs can sometimes be an element of damages, such is not the situation in these proceedings because" its entitlement to attorneys' fees, under the prevailing-party provision of the NDNCA, is collateral to a substantive claim – the plaintiffs' NDNCA breach of contract claim – and did not accrue until the action was fully adjudicated by the Court. "Accordingly, the award of attorney's [sic] fees [Terralinna sought] is ancillary to the breach of the NDNCA claim [asserted by the plaintiffs through Count Three of the Second Amended Complaint] and Rule 54 is applicable to Terralinna's request for prevailing party attorney's [sic] fees."

   For their part, the plaintiffs contend that Terralinna's assertion "that legal fees were not a damages issue in Plaintiffs' Third Count" of their Second Amended Complaint is incorrect, because the "Second Amended Complaint specifically states claims for attorney's [sic] fees and costs in seeking: 'F. all costs incurred by Plaintiffs in connection with Plaintiffs' attempt to recover their losses, including costs, attorneys' fees, together with interest on all the foregoing elements of compensatory damages set forth" in the complaint's prayer for relief. According to the plaintiffs, the position taken by Terralinna, now, "that legal fees were not a damages issue"

in the Third Count of the Second Amended Complaint, and its assertion that "[t]he damages sought by the Plaintiffs are not the recovery of attorneys' fees and costs," is contrary to the position Terralinna took when it filed its Fed. R. Civ. P. 54(d)(2) motion, where it asserted "that attorneys 'fees were at issue' in this action." In any event, the plaintiffs contend that the Court should "defer [resolving] Defendant's Motion for Reconsideration until after the Second Circuit has addressed the merits of the Plaintiffs' pending appeal."

      In reply, Terralinna asserts that the plaintiffs misapprehend Terralinna's motion for reconsideration "by arguing that attorneys' fees were included in Plaintiffs' Prayer for Relief in the Second Amended Complaint." According to Terralinna, it is undisputed that "a request for attorney's [sic] fees were [sic] included in the Prayer for Relief of the Second Amended Complaint." However, notwithstanding the plaintiffs' request for attorneys' fees in their prayer for relief, "attorney's [sic] fees were not an element of Count Three [of the Second Amended Complaint] relating to whether there was a breach of the NDNCA" by a: 1) disclosure to third parties of confidential information covered by the NDNCA; and 2) circumvention of TERT's rights. Terralinna maintains that since the attorneys' fees it sought were not "an element of Count Three of the Second Amended Complaint," no requirement existed for it to assert a claim to such fees through the pleadings it submitted in this action or to prove damages at the trial.

      In addition, Terralinna contends that the plaintiffs' request that the Court defer resolving the motion for reconsideration until the plaintiffs' appeal to the Second Circuit Court of Appeals is resolved, is not warranted because the "Plaintiffs' appeal does not argue the merits of Count Three" of the Second Amended Complaint. Thus, deferring a ruling on the instant motion will "delay Terralinna's partial recovery of the significant expenses it incurred when forced to appear halfway around the world to defend against Plaintiffs' unsupported claims."

## DISCUSSION

Reconsideration:

A. Local Civil Rule 6.3

Local Civil Rule 6.3 of this court provides for a motion for reconsideration or reargument, requiring the movant to set forth, in a memorandum of law, "concisely the matters or controlling decisions which counsel believes the Court has overlooked. . . . No affidavits shall be filed by any party unless directed by the Court." Local Civil Rule 6.3.

> The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. . . . Admittedly, a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.

Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Typically, to obtain relief under Local Civil Rule 6.3, the movant must demonstrate that the court overlooked controlling decisions or factual matters that were put before the court on the underlying motion. See Al Maya Trading Establishment v. Global Export Marketing Co. Ltd., No. 14 Civ. 275, 2014 WL 3507427, at *10 (S.D.N.Y. July 15, 2014). However, reconsideration by a court of its prior decision is also justified when an intervening change in controlling law has occurred, new evidence has become available or the need to correct a clear error or prevent manifest injustice exists. See Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). The determination to grant or deny a motion for reconsideration is left to "the sound discretion" of the court. Mikol v. Barnhart, 554 F. Supp. 2d 498 (S.D.N.Y. 2008).

B. Rule 60(b)

Rule 60(b) of the Federal Rules of Civil Procedure provides, in pertinent part, the following:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect.

Fed. R. Civ. P. 60(b)(1).

The Second Circuit Court of Appeals has explained that Rule 60(b)(1) is a vehicle through which a court may grant relief to a party from an order issued because of the court's own mistake of law or fact. See Gey Assocs. Gen. P'ship v. 310 Assocs. (In re: 310 Assocs.), 346 F.3d 31, 35 (2d Cir. 2003). The determination to grant or deny such a motion is within the "sound discretion of the district court." Mendell v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990). When "[p]roperly applied[,] Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of [a court's determinations]." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). Thus, the Rule "should be broadly construed to do substantial justice." Id. Fed. R. Civ. P. 60(b) allows for extraordinary judicial relief; accordingly, invoking the Rule is reserved for exceptional circumstances. See Nemaizer, 793 F.2d at 61. The party seeking relief under Rule 60(b) bears the burden of showing its entitlement to that extraordinary judicial relief. See id.

Terralinna contends that, due to the Court's: 1) erroneous conclusion that the NDNCA's prevailing party fee-shifting provision made the attorneys' fees Terralinna sought an element of damages, on a substantive claim, which was required to be proved at trial; and 2) failure to recognize that "the award of attorney's [sic] fees [Terralinna sought was] ancillary to the breach of the NDNCA claim [asserted by the plaintiffs through Count Three of the Second Amended Complaint]," the Court made a mistake when it denied Terralinna's Rule 54(d)(2) motion. Terralinna maintains that, unless corrected, the Court's mistake will prevent it from recovering a

portion "of the significant expenses it incurred when forced to appear [,in this judicial district,] halfway around the world [from its Australian home,] to defend against Plaintiffs' unsupported claims."

Terralinna has not identified, through its reconsideration motion, any controlling decisions or factual matters that were put before the Court, on the underlying Fed. R. Civ. P. 54(d)(2) motion, which were overlooked by the Court. Therefore, reconsideration would be justified only if an intervening change in controlling law has occurred, new evidence has become available or the need to correct a clear error or prevent manifest injustice exists. See Virgin Atlantic Airways, Ltd., 956 F.2d at 1255.

The Supreme Court has noted – albeit in a different context – that,

> [a]s a general matter . . . it is indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain. Such an award does not remedy the injury giving rise to the action, and indeed is often available to the party defending against the action. At common law, attorney's fees were regarded as an element of 'costs' awarded to the prevailing party . . . which are not generally treated as part of the merits judgment.

Budinich v. Becton Dickinson & Co., 486 U.S. 196, 200, 108 S. Ct. 1717, 1721 (1988). Based on Budinich, the Court finds that the attorneys' fees Terralinna sought, through its Rule 54(d)(2) motion, were collateral to the merits of the breach of contract claim made by the plaintiffs in Count Three of their Second Amended Complaint. This is so because the award of prevailing party attorneys' fees, permitted by NDNCA's paragraph eight, is independent of the remedy for the alleged breach of that contract. Thus, the Court's previous determination, that Terralinna's Rule 54(d)(2) motion could not be granted because the requested attorneys' fees were an element of damages that had to be proved at trial, was clearly erroneous. This error warrants granting Terralinna's reconsideration motion because letting a clearly erroneous court order stand that

results in a litigant being deprived of attorneys' fees, costs and expenses to which it is entitled under a contractual fee-shifting provision, would constitute a manifest injustice.

Moreover, the Court finds that delaying action on the reconsideration motion, as the plaintiffs urge, until their appeal from the judgment entered on Counts One and Two of the Second Amended Complaint is resolved, is unreasonable because the appeal will have no impact on Count Three of the Second Amended Complaint, which was dismissed at the plaintiffs' request, prior to the trial of the action. Therefore, reconsideration of the Court's prior determination on Terralinna's Rule 54(d)(2) motion, at this juncture, is warranted. Having reconsidered its prior determination of Terralinna's Fed. R. Civ. P. 54(d)(2) motion, the Court finds that its prior determination cannot stand, and Terralinna may recover, perforce of the NDNCA's fee-shifting provision, reasonable attorneys' fees, costs and other expenses. Terralinna's Rule 54(d)(2) motion will be analyzed in a separate writing.

## CONCLUSION

For the reasons set forth above, Terralinna's motion for reconsideration, Docket Entry No. 111, is granted.

Dated: New York, New York
       November 5, 2014

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

terralinna5.mo