UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TERRA ENERGY & RESOURCES
TECHNOLOGIES, INC. and TERRA INSIGHT   :
SERVICES, INC.,
                                       :
        Plaintiffs,
                                       :     **MEMORANDUM and ORDER**
    -against-
                                       :     12-CV-1337 (KNF)
TERRALINNA PTY. LTD.,
                                       :
        Defendant.
------------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## INTRODUCTION

Before the Court is defendant Terralinna Pty. Ltd.'s ("Terralinna") motion made pursuant to Rule 54 of the Federal Rules of Civil Procedure, seeking attorneys' fees, costs and expenses, under a contractual fee-shifting provision. The plaintiffs oppose the motion.

## BACKGROUND

Terralinna made a motion, pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure following the conclusion of the bench trial conducted for this action, to recover attorneys' fees, costs, and other expenses it incurred defending against a breach of contract cause of action asserted against it by plaintiff Terra Energy, & Resources Technologies, Inc. The Court dismissed that cause of action, which was contained in Count Three of the plaintiffs' Second Amended Complaint, based on an unopposed dismissal motion made by the plaintiffs, pretrial. Although Terralinna did not oppose the plaintiffs' motion to dismiss Count Three, it reserved the right to seek attorneys' fees and related expenses under paragraph eight of the Mutual Non-Disclosure and Non-Circumvent Agreement ("NDNCA"); the alleged breach of that

agreement was the subject of Count Three of the Second Amended Complaint.  NDNCA paragraph eight provides the following:

> Attorneys' Fees; Prejudgment Interest.  If the services of an attorney are required by any party to secure the performance of this Agreement or otherwise upon the breach or default of another party to this Agreement, or if any judicial remedy or arbitration was necessary to enforce or interpret any provision of this Agreement or the rights and duties of any person in relation thereto, the prevailing party shall be entitled to reasonable attorneys' fees, costs and other expenses, in addition to any other relief to which such party may be entitled.  Any award of damages, following judicial remedy or arbitration as a result of the breach of this Agreement or any of its provisions, shall include an award of prejudgment interest from the date of the breach at the maximum amount of interest allowed by law.

Terralinna's Rule 54(d)(2) motion was denied by the Court, through a Memorandum and Order dated April 7, 2014.  Thereafter, Terralinna requested that the Court reconsider that determination.  The Court granted Terralinna's request, reconsidered its determination on the motion and concluded that the determination to deny the Rule 54(d)(2) motion was erroneous. See Docket Entry No. 124.  Accordingly, Terralinna's Rule 54(d)(2) motion is analyzed anew below.

Originally, Terralinna sought an award from the Court "in the approximate amount of $68,759.26, which represents one-third of the attorneys' fees and nontaxable costs incurred by Terralinna in defending the claims of plaintiffs up to the date of dismissal of Count Three of the Second Amended Complaint."  This amount reflects the expenditures for legal services provided to Terralinna by two law firms: Stovash, Case & Tingley P.A. ("SCT"), located in Orlando, Florida, and Nagle Rice LLP ("Nagle Rice"), located in Roseland, New Jersey.  Terralinna has modified its request to exclude an award of $5,737.50, in attorneys' fees made by the Honorable William H. Pauley III, to whom this case was previously assigned, and now seeks an award of $63,021.76.  Judge Pauley made the award because Terralinna defended successfully against a

Fed. R. Civ. P. 37 motion made by the plaintiffs to Judge Pauley. The modified amount requested by Terralinna will prevent it from receiving a double recovery, as the expenses associated with defending against the Rule 37 motion are reflected in submissions Terralinna made to the Court in support of the instant motion.

Terralinna's submissions, in support of its Rule 54 motion, include: (1) the affidavit of Robert L. Case ("Case"), a "[s]hareholder with [SCT]"; and (2) the declaration of Jay J. Rice ("Rice"), "the Managing Partner . . . of Nagle Rice." Of the $68,759.26 Terralinna sought originally, Case maintains that $58,776.52, or 85.48% of that amount, are the fees and costs SCT generated and $9,982.74, or 14.52% of the total, are the fees and costs generated by Nagle Rice. When the relevant percentages are applied to Terralinna's modified request for $63,021.76, in attorneys' fees, costs and expenses, $53,871.00 would be allocated to SCT and $9,150.76 would be allocated to Nagle Rice.

Case explains, through the affidavit he submitted in support of Terralinna's motion, that he has "been licensed to practice law in the state of Florida since 1998 . . . [and] routinely [practices] in the area of complex civil litigation, including contract disputes, related torts, shareholder disputes, and collections." Case was admitted to practice *pro hac vice* in this court to represent Terralinna. Case billed Terralinna at the hourly rates of $350-$375. Attached to Case's affidavit is "Composite Exhibit I," which, according to Case, is "a record of my firm's Affidavit Exhibit, which includes services rendered by my firm in this matter through the date of dismissal of the count regarding the NDNCA." Composite Exhibit I contains many redacted billing entries and reflects that, in addition to Case, the following seven SCT attorneys represented Terralinna in this action and billed it for their professional services at the hourly rates noted: 1) Robert J. Stovash ("Stovash"), a partner in the law firm, who has been licensed to

practice law in the state of Florida since 1988 ($375); 2) Scott A. Livingston ("Livingston"), an SCT shareholder, who has been licensed to practice law in the state of Florida since 1997 ($350); 3) M. Kathryn Smith ("Smith"), a senior associate, who has been licensed to practice law since 1992 and to practice law in Florida since 1996 ($225); 4) Rachel E. Scherwin ("Scherwin"), a senior associate, who has been licensed to practice law in the state of Florida since 2001 ($275); 5) Corey B. Suter ("Suter"), an associate, who has been licensed to practice law in Florida since 2012 ($200); 6) Matthew J. Pearce ("Pearce"), an associate, who has been licensed to practice law in Georgia since 2002 ($275); and 7) Tara S. Pelligrino ("Pelligrino"), who has been licensed to practice law in Florida since 2006, and was an SCT associate until June 2012 ($275). Except as indicated above, no other information about the SCT attorneys who represented Terralinna was provided to the Court.

      As noted above, Rice submitted a declaration in support of Terralinna's request for its attorneys' fees, and expenses. Through his declaration, Rice explains that, in addition to his "admission to the New Jersey Bar, [he has] been admitted to practice before the courts of the State of New York, the United States District Court for the Southern District of New York, the United States Court of Appeals for the Second Circuit, and the United States Supreme Court. [He has] regularly appeared before courts in the Southern District of New York." Rice reports that he oversaw "the handling of all matters related to this case by my firm [and] . . . delegated certain actions to other members of the firm in an effort to conserve attorneys' fees and costs in the defense of the instant law suit."

      Attached to Rice's declaration is "Exhibit 1," "a record of [Nagle Rice's] Invoices [sic], which includes time records for services rendered . . . through the date of the dismissal of Count III of the Second Amended Complaint regarding the NDNCA, as well as the costs incurred by

Terralinna." Rice contends that the "attorneys' fees and costs for [Nagle Rice's] Services [sic] in regard to Count III of the Second Amended Complaint are $9,982.74."[1] The invoices that are attached to Rice's declaration identify the names of the four Nagle Rice attorneys who, along with Rice, provided legal services to Terralinna. However, neither Rice's declaration nor the invoices indicate the position each attorney – other than Rice – held with Nagle Rice, or the professional experience possessed by the Nagle Rice attorneys. The invoices indicate that Rice billed Terralinna at the hourly rate of $450, and that his colleagues, Randee M. Matloff, Diane E. Sammons, Bruce H. Nagle and Lou I. Mayer, billed Terralinna at the following hourly rates respectively: $400; $400; $375; and $400.

The plaintiffs contend that the attorneys' fees sought by Terralinna are unreasonable, because Terralinna elected to engage counsel based in Florida to represent it in this judicial district and Terralinna's Florida counsel determined to enlist the aid of local counsel based in New Jersey. While the plaintiffs acknowledge Terralinna's freedom to engage counsel of its choice, they maintain that retaining counsel not located in this judicial district generated travel expenses for Florida counsel that could have been avoided had Terralinna retained counsel based in the Southern District of New York. In addition, the plaintiffs maintain that, inasmuch as the prospect of partial or total fee-shifting existed, Terralinna should have kept accurate contemporaneous time records for the legal services provided by its counsel, in anticipation of having to prove that the hours spent defending against the NDNCA breach of contract cause of action were reasonable. The plaintiffs assert that Terralinna's determination to: (1) redact text

---

[1] This amount does not reflect the modification made to Terralinna's request occasioned by Judge Pauley's attorneys' fees award, discussed supra, which was made after Terralinna's Rule 54(d)(2) motion was made.

from entries in SCT's billing statements, without explanation; and (2) permit SCT to use block billing on its billing statements, make it hard to decipher what amount of time SCT spent on each activity reported in the entries on the SCT billing statements.

In reply, Terralinna asserts that the reasonableness of the attorneys' fees it seeks "is not determined by asking whether opposing counsel is from a different state"; rather, reasonableness of the attorneys' fees "is determined by the Lodestar method," which requires that the number of hours reasonably expended providing legal services be multiplied by a reasonable hourly rate of compensation. Terralinna asserts that applying that method here results "in a Lodestar calculation of $321.92 per hour for the attorneys' fees charged by [SCT] and $448.43 per hour for the attorneys' fees charged by Nagle Rice." According to Terralinna, these hourly rates are within the range of legal services fee rates found reasonable in this judicial district "for a sophisticated small firm." Moreover, Terralinna asserts that the "[p]laintiffs have not alleged that these hourly rates are unreasonable in this District for the type of matter presented to this Court." In addition, Terralinna maintains that "the billing records [it submitted to the Court] are sufficiently detailed to identify what action was taken, the length of time taken for each action . . . and the amount charged for each entry."

## DISCUSSION

The NDNCA, by its express terms, is "governed by the law of New York, excluding its conflict of law rules." NDNCA, ¶ 9. "As a general matter of New York law, . . . when a contract provides that in the event of litigation, the losing party will pay the attorneys' fees of the prevailing party, the court will order the losing party to pay whatever amounts have been expended by the prevailing party, so long as those amounts are not unreasonable." F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1263 (2d Cir. 1987). However, notwithstand-

ing the general proposition set forth above, the amount to be awarded as "an attorney's fee is within the discretion of the court." Gamache v. Steinhaus, 7 A.D.3d 525, 527, 776 N.Y.S.2d 310, 311 (App. Div. 2d Dept. 2004).

In New York, courts consider several factors when determining whether the amount of attorneys' fees requested is reasonable; among the factors considered are: "[the] time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented; the lawyer's experience, ability and reputation; the amount involved and benefit resulting to the client from the services; the customary fee charged by the Bar for similar services; the contingency or certainty of compensation; the results obtained; and the responsibility involved." In re Freeman's Estate, 34 N.Y.2d 1, 9, 355 N.Y.S.2d 336, 341 (1974). When a prevailing party to a litigation seeks an award of attorneys' fees, it has the burden of providing the court evidence proving that the hourly rate its counsel charged is reasonable, based on "the customary fee charged for similar services by lawyers in the community with like experience and of comparable reputation to those by whom the prevailing party was represented." Gamache, 7 A.D.3d at 527, 776 N.Y.S.2d at 312; see Friedman v. Miale, 69 A.D.3d 789, 791-92, 892 N.Y.S.2d 545, 547-48 (App. Div. 2d Dept. 2010); Matakov v. Kel-Tech Constr. Inc., 84 A.D.3d 677, 678, 924 N.Y.S.2d 344, 346 (App. Div. 1st Dept. 2011). Attorney time records that have vague entries and thus do "not contain sufficient detail to reveal what proportion of [an attorney's] time was spent" on a particular task, warrant a court's reducing the amount of requested attorneys' fees. F.H. Krear & Co., 810 F.2d at 1265. Similarly, attorney time records that describe the work performed in a block-billing format, whereby several tasks performed on a certain date by an attorney are grouped together and the amount of time spent, in the aggregate, performing the tasks is reported, may render the time

record entries vague. This is so because block billing, although permitted, prevents a reviewer of the records from determining exactly what portion of an attorney's time was spent on a distinct task.

      As noted above, under New York law, when a contract provides that the prevailing party be awarded its attorneys' fees and attendant expenses, "whatever amounts have been expended by the prevailing party [should be awarded] so long as those amounts are not unreasonable." F.H. Krear & Co., 810 F.2d at 1263. The Court has reviewed Terralinna's submissions carefully in assessing whether the amount of attorneys' fees, costs and expenses it seeks to recover from the plaintiffs, as the prevailing party with respect to Count Three of the Second Amended Complaint, is reasonable. That review revealed that Composite Exhibit I to Case's affidavit, SCT's billing statements, contains many redacted entries, which render the respective entry's description of the work performed by SCT vague. As a consequence, the Court was unable to determine whether certain work, identified as having been performed by SCT personnel, had any relationship to the instant case. Examples of Composite Exhibit I's redacted entries follow: "Review case law regarding [redacted text]," "Attended the deposition of [redacted text]," "Research [redacted text]," "Investigative [redacted text]," "Conference call with [redacted text]." Terralinna did not explain why redactions were made to the Composite Exhibit I entries.

      In addition to the redactions appearing in the SCT billing statements, the Court observed that many of the entries found in Composite Exhibit I are block-billing entries, where multiple tasks were grouped together in a single billing entry and only the total time expended on all the tasks in the group was reported. Terralinna's use of this billing format prevented the Court from discerning what amount of time was expended on a discrete task by the SCT employee who performed the task. The use of the block-billing format in billing records has prompted some

courts in New York to reduce the amount of attorneys' fees requested by a litigant because of the obfuscating effect that block billing has on a court's ability to ascertain precisely how counsel used counsel's time providing legal services to the client. See, e.g., Silverstein v. Goodman, 113 A.D.3d 539, 540, 979 N.Y.S.2d 308, 310 (App. Div. 1st Dept. 2014).

The Court also observed that many of the Nagel Rice invoice entries contain vague descriptions of the activities performed by personnel affiliated with that law firm. Examples of Nagel Rice's vague invoice entries follow: "Review pretrial issues," "Telephone Conference with counsel," "Review efiling" and "Review email." Invoice entries of this ilk, devoid of even a modicum of information detailing precisely the activities performed by counsel, made it impossible for the Court to determine the relevance, if any, of those activities to this action, or whether the time spent on the particular activity(ies) was reasonable. Terralinna also failed to submit competent evidence to the Court establishing that the fees which Terralinna's attorneys charged for the legal services they provided are in line with the fees customarily charged for similar services by attorneys in this judicial district who have professional experiences equivalent to and enjoy reputations comparable to those possessed by the attorneys at SCT and Nagel Rice who represented Terralinna in this action. Under New York law, the party seeking an award of attorneys' fees has the burden of presenting the court with such evidence.[2] See Gamache, 7 A.D.3d at 527, 776 N.Y.S.2d at 312; Matakov, 84 A.D.3d at 678, 924 N.Y.S.2d at 346; Friedman, 69 A.D.3d at 791-92, 892 N.Y.S.2d at 547-48. Moreover, Terralinna did not explain why 12 attorneys were needed to defend it in a commercial dispute such as this one,

---

[2]The Court is mindful that Terralinna's Memorandum of Law in support of its Rule 54 motion references rates for legal services charged by attorneys in this judicial district. However, a memorandum of law is not evidence. See Giannullo v. City of New York, 322 F.3d 139, 142 (2d Cir. 2003).

which was lacking in complexity. Thus, the level of staffing devoted to this action by Terralinna's counsel, which appears to the Court to have been excessive, makes suspect the reasonableness of the amount of attorneys' fees, costs and expenses Terralinna seeks.

The Court's scrutiny of Terralinna's submissions revealed that the amounts requested, via the motion, and the amounts reflected in the billing records of its counsel do not jibe. For example, of the $68,759.26 Terralinna sought to recoup originally, through its Rule 54 motion, $58,776.52 was allocated to SCT for the legal services it rendered to Terralinna. According to Terralinna, the $58,776.52 represents one-third of the attorneys' fees SCT generated through the date Count Three of the Second Amended Complaint was dismissed. That would mean that the full amount of attorneys' fees Terralinna incurred for SCT's legal services, by that juncture in the litigation, was $176,529.56. However, when the SCT attorneys' fees that are recorded on Composite Exhibit I are totaled, the sum of the attorneys' fees generated, until the dismissal of Count Three, is $168,750.02, which, when divided by three, to account solely for the work performed by SCT defending against Count Three of the Second Amended Complaint, yields attorneys' fees of $56,250.

Based on the Court's analysis of Terralinna's submissions in support of its Rule 54 motion, the Court finds that the: 1) unexplained redactions from SCT's billing statements; 2) vague entries recorded in the SCT and Nagel Rice billing records; 3) use of block billing in SCT's billing statements; 4) absence, from the motion record, of evidence reflecting the backgrounds, professional experiences and reputations of all attorneys who provided legal services to Terralinna in connection with this action; 5) absence from the motion record of evidence establishing the customary fee(s) charged for similar services by attorneys in this judicial district who have professional experience and reputations comparable to those of

Terralinna's counsel; 6) assignment of 12 attorneys to represent Terralinna in a commercial dispute that was not complex; and 7) computational errors respecting the attorneys' fees Terralinna incurred, make awarding Terralinna $63,021.76, the full amount of attorneys' fees, costs and expenses it now seeks through its Rule 54 motion, owing to its status as the prevailing party with respect to Count Three of the plaintiffs' Second Amended Complaint, unreasonable. See F.H. Krear & Co., 810 F.2d at 1263. Therefore, inasmuch as the Court has discretion, under New York law, to determine what reasonable attorneys' fees are, see Thomas B. v. Lydia D., 120 A.D.3d 446, 991 N.Y.S.2d 512 (App. Div. 1st Dept. 2014), and may reduce the amount of the fees requested by a party, see In re Ury, 108 A.D.2d 816, 817, 485 N.Y.S.2d 329, 330 (App. Div. 2d Dept. 1985), in the circumstance of the instant case, the Court has determined to reduce, by 25%, the amount of attorneys' fees, costs and expenses requested by Terralinna.

## CONCLUSION

For the reasons set forth above, Terralinna's Fed. R. Civ. P. 54(d)(2) motion, Docket Entry No. 97, is granted. The plaintiffs must pay Terralinna $47,266.32 for the reasonable attorneys' fees, costs and expenses Terralinna incurred defending against Count Three of the plaintiffs' Second Amended Complaint.

Dated: New York, New York
November 19, 2014

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

terralinna6.mo